# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **2:17-cr-00419-AKK-TMP** |
| | ) | |
| **JOEL IVERSON GILBERT,** | ) | |
| **STEVEN GEORGE McKINNEY,** | ) | |
| **DAVID LYNN ROBERSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER FOR ENDS OF JUSTICE
## CONTINUANCE OF TRIAL SETTING

Following the initial appearance and arraignment of the defendants this date, the court held an in-chambers status conference at the request of counsel.  At that time counsel made an oral motion to continue the present trial setting of December 4, 2017, explaining that counsel had only recently been retained and that a large amount of discovery and investigative material were yet to be reviewed. Counsel contended that the ends of justice require a continuance of the trial setting to give them a fair opportunity to review the government's discovery and to conduct their own investigation of the facts alleged in the 34-page indictment.  The court informed counsel that it would insist that each defendant personally sign a waiver of Speedy Trial Act rights.

To the extent that any defendant moves for or joins in the motion for a continuance of the current setting on December 4, 2017, such defendant shall file a waiver of Speedy Trial Act rights, personally signed by the defendant, by not later than Friday, October 20, 2017.

The defendants are charged in a six-count indictment, alleging conspiracy in violation of 18 U.S.C. § 371, bribery in violation of 18 U.S.C. § 666(a)(2), three counts of honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, and money laundering in violation of 18 U.S.C. § 1956(h).  The indictment alleges generally a scheme to bribe a public official, Alabama House member Oliver Robinson, to use his influence to oppose the designation of certain neighborhoods in his House district as part of a Superfund clean-up site on the National Priorities List.  The evidence relevant to this allegation involves emails, correspondence, and financial records over a two-year period of time that are complex and voluminous.

Contingent upon the filing of such waivers, the court finds that the ends of justice outweigh the interests of the defendants and the public in a Speedy Trial. The oral motion is due to be and hereby is GRANTED.  This continuance is consistent with the ends of justice to give the defendants an adequate opportunity to investigate the charges and the complex financial and forensic issues underlying the offenses.  Additionally, time is needed by counsel to review the massive discovery produced by the government.  The court finds that an extension of all

deadlines is necessary for the ends of justice and that it outweighs the best interest of the defendant and public in a Speedy Trial.  Requiring the defendants to go to trial slightly more than a month after arraignment and under these circumstances would risk being a miscarriage of justice and potentially deprived the defendant of effective assistance of counsel.  Accordingly, all deadlines in this case are extended days and the trial setting of this case is CONTINUED GENERALLY, to be reset at a status and scheduling conference to be held in the undersigned's chambers at 1:00 p.m., Tuesday, December 19, 2017.  The time period between this Order and December 19, 2017, is hereby excluded from the Speedy Trial Act deadline to meet the ends of justice (*see* 18 U.S.C. § 3161(h)(7)).

DONE this 16th day of October, 2017.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE